## Gettys v. Gettys

*Edward R. Lecates*, for plaintiff.
*Scott L. Kelley*, for defendant.

ERB, *J.*, January 2, 1986 — This matter is before the court on plaintiff's motion to strike defendant's exceptions to the master's report.

The master's report was filed on March 26, 1985. Notice of the report was received by defendant's prior counsel on or about March 27, 1985. Under Pa.R.C.P. 1920.55, defendant was to file exceptions by April 8, 1985. However, defendant did not receive notice of the master's report until April 9, 1985. At that time he secured new counsel, Scott L. Kelley. On April 16, 1985, by his counsel, defendant filed his exceptions to the master's report.

There appear to be no cases directly on point and plaintiff has not supplied the court with any authority except for rule 1920.55. In *DiGiovanni v. DiGiovanni*, 59 D.&C.2d 237 (1972), cited by de-

fendant, the court denied an extension of time within which to file exceptions because the only excuse for not filing them in a timely fashion was that the attorney had been on vacation. The court went on to say that the record disclosed other factors which it considered in reaching its decision. It pointed out that a continuance of the master's hearing had occurred because of the unavailability of the same attorney; that the attorney had filed a rule of particulars without leave of court after the master's final meeting, in addition to the late exceptions filing.

The court, in *DiGiovanni*, concluded that, considering the overall conduct of counsel for the moving party, there was no "equitable basis for the relief requested." Unlike *DiGiovanni*, we find that there is an equitable basis here for allowing defendant to bring his exceptions, though untimely filed. Defendant received no notice of the master's report until one day after the period for filing had run. He acted responsibly in immediately finding new counsel and promptly filing exceptions with a week of notice. Defendant should not be disallowed his right to proceed on his own behalf because of mail delays or the failure of previous counsel to inform him of his rights.

While we recognize that the rules governing the prompt filing of pleadings must be followed in the interest of justice, for the reasons stated and finding no undue hardship has been placed on plaintiff, we will allow the exceptions to be addressed.

Accordingly, we enter the following

## ORDER

And now, this January 2, 1986, the motion of plaintiff, Sharon L. Gettys, to strike defendant's exceptions to the master's report is hereby refused and denied. The parties shall file briefs in support of their positions within 20 days of this order.